IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LENNON LEE GIANFRANCESCO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 12-835 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 27th day of March, 2013, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 10) is DENIED and defendant's Motion for Summary Judgment (document No. 12) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:    Counsel of record

---

[1] Many of Plaintiff's arguments relate to his impression of how the Administrative Law Judge ("ALJ") treated the record evidence from the time period far preceding the protective filing date. He implies that the ALJ did not consider this evidence at all, although he cites to the portion of the ALJ's decision where the ALJ stated that he was "precluded from *adjudicating* the claimant for any period prior to [the protective application filing date of January 6, 2010]." (R. 18)(emphasis added). The ALJ did not state that he could not consider the evidence at all, and it is clear from the record that the ALJ did, in fact, consider Plaintiff's older medical and school records, some of which predate the relevant period by nearly a decade, in *adjudicating* whether Plaintiff was disabled during the relevant time period. Indeed, given the age of many of these records, the ALJ stated that they were "not particularly probative in determining the claimant's current mental state and level of functioning." (Id.). He did not indicate that they were not probative at all based on their age, just that they were not particularly so, and, indeed, he reviewed the records in making his determination in any event.